UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| FREDERICK J. COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-04270-SLD-JEH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

The case is before the Court on remand from the Seventh Circuit. *See Coleman v. United States*, 79 F.4th 822 (7th Cir. 2023). Petitioner Frederick J. Coleman filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1, and a motion to amend, ECF No. 12, in this Court. On March 7, 2022, the Court denied both motions. *See* Mar. 7, 2022 Order, ECF No. 22.

The Seventh Circuit reversed the Court's ruling on the motion to amend and held that the claim Coleman was seeking to add to his § 2255 motion—that his sentencing counsel was ineffective for failing to object to the sentencing enhancement for Coleman's prior convictions on the basis that those convictions did not qualify as felony drug convictions under 21 U.S.C. § 841(b)(1)(A)—was timely. *Coleman*, 79 F.4th at 830. The Seventh Circuit went on to consider the merits of the ineffective assistance of counsel claim and determined that "it would have been objectively unreasonable for Coleman's defense counsel to have not even *considered* a categorical challenge to the government's reliance on prior Illinois cocaine convictions to enhance Coleman's sentence," and that Coleman had "sufficiently alleged that he was prejudiced by his counsel's purportedly deficient performance." *Id.* at 832–33. It remanded the case for the

Court to hold an evidentiary hearing to "determine whether [Coleman's attorney] considered the possibility of a categorical challenge to Coleman's predicate offenses." *Id.* at 832.

The Court referred the case to Magistrate Judge Jonathan Hawley to conduct an evidentiary hearing. *See* Dec. 5, 2023 Chief Judge Darrow Text Order. The evidentiary hearing is currently scheduled for February 6, 2024. *See* Dec. 5, 2023 Judge Hawley Text Order.

On January 25, 2024, the Government filed a position statement requesting that the evidentiary hearing be vacated. Position Statement 1, ECF No. 38. Coleman's § 2255 counsel does not oppose the request. *Id.* The Government "inquired of . . . Coleman's trial and sentencing counsel[] whether he 'considered the possibility of a categorical challenge' based on the prior Illinois cocaine conviction to enhance [Coleman's] sentence to life under § 841(b)(1)(A)." *Id.* at 4. Counsel indicated that he did not consider such a challenge. *Id.* In light of counsel's response, no evidentiary hearing is necessary. The Court VACATES the evidentiary hearing set for February 6, 2024.

The Court finds that Coleman has established his claim of ineffective assistance of counsel. Claims of ineffective assistance of counsel are subject to the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This test requires a petitioner to show that his counsel's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Id.* at 688, 692. Here, the Court must find that because counsel did not consider challenging the Government's reliance on prior Illinois cocaine convictions to enhance Coleman's sentence, counsel's performance fell below an objective standard of reasonableness. *See Coleman*, 79 F.4th at 832. And the Seventh Circuit has already held that Coleman has met his burden to show that he was prejudiced by this deficient performance. *Id.* at 832–33.

"[A]bsent . . . application of the § 851 enhancement, [Coleman] would not have been subject to a mandatory life sentence," and the Court could have imposed a lower sentence. *Id.* at 833.

Accordingly, Coleman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1, as amended, is GRANTED IN PART. Coleman has established that he received ineffective assistance of counsel at sentencing. Accordingly, the Court VACATES Coleman's sentence and orders a resentencing in Coleman's criminal case, No. 4:12-cr-40031-SLD-JEH-1. Attorney William Breedlove is appointed to represent Coleman for purposes of resentencing. The Clerk is directed to enter an amended judgment in this civil case indicating that the § 2255 motion was granted in part.

Entered this 5th day of February, 2024.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE